COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Clements
Argued by teleconference


COMMONWEALTH OF VIRGINIA/
 COUNTY OF BOTETOURT
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1889-01-3        JUDGE JAMES W. BENTON, JR.
                                         JANUARY 4, 2002
CHRIS MARK GRADY


           FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                   George E. Honts, III, Judge

           Eugene Murphy, Assistant Attorney General
           (Randolph A. Beales, Attorney General, on
           brief), for appellant.

           David A. Downes for appellee.


     The trial judge granted Chris Mark Grady's motion to suppress

evidence discovered during Grady's detention and his arrest.  The

Commonwealth contends the trial judge erred in ruling that no

probable cause existed to arrest Grady and to search his vehicle.

We affirm the trial judge's ruling.

                               I.

     On an appeal by the Commonwealth from the trial judge's

granting of a motion to suppress, we view the evidence in the

light most favorable to the accused, who prevailed on the motion,

and we grant all reasonable inferences fairly deducible from that

evidence.  Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407

------
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

S.E.2d 47, 48 (1991).  The record established, that for the limited purpose of portraying the police conduct in response to a citizen's complaint, see Upchurch v. Commonwealth, 220 Va. 408, 258 S.E.2d 506 (1979), Detective John Mandeville testified concerning a report he received from Roberta Hipes on March 28, 2001.  She said two men arrived at her home the previous day in a "maroon . . . brownish type vehicle" and offered to pave her driveway.  The men informed Hipes they were in the area working, had some extra paver, and offered to give her "a good deal" on her driveway.  When she asked the cost, the men said they could not tell the cost until they finished.  Hipes agreed to the offer.  Two more men arrived in a blue pickup truck and put material on Hipes's driveway.  After the work was completed, the men told Hipes the cost was $2,400.  When Hipes said she did not have that amount, the men asked for $1,800.  After Hipes said she also did not have that amount, one of the men left.  Another man entered and said if she would pay $900 he would pay the balance, otherwise he would lose his job.  Hipes wrote a check for $900, pre-dated it, and gave it to the man who said he would pay the balance.

The day after Hipes contacted the police, two men in a blue pickup truck attempted to negotiate the check.  The bank refused payment and alerted a deputy sheriff, who detained the men until the detective arrived.  After speaking to the men, the detective learned that they were Milton Dorr and Belcher Grady and that Dorr possessed the check Hipes had written.  Dorr informed the

-

detective that he worked for two other men, who had been driving ahead of Dorr when the deputy sheriff stopped Dorr. Although Dorr identified the other vehicle as a "maroon burgundy Chevy Suburban . . . with Maryland tags," no evidence indicated the officers who initially detained Dorr saw such a vehicle. Dorr also said that he helped spray the material on Hipes's driveway and that "if [the work] had been done correct its three to four hundred dollars."

With Dorr in his vehicle, the detective searched for a "maroon Suburban" vehicle. While the detective was driving, he learned from his dispatcher that no permit to solicit work had been issued in Botetourt County for Milton Dorr or Belcher Grady. When the detective drove past a maroon vehicle, Dorr said "they are right there." The detective and another deputy followed the vehicle and arrested the two occupants, Kevin Connell and appellee, for soliciting in Botetourt County without a permit, a misdemeanor. The deputy sheriff searched appellee incident to the arrest and found a bottle containing pills. He also searched appellee's vehicle and found another bottle of pills inside the vehicle. Later, at the sheriff's office, the officers charged appellee with two felonies, obtaining property or money by false pretenses with intent to defraud in violation of Code § 18.2-178 and possession with intent to distribute a controlled substance in violation of Code § 18.2-248.

After considering the testimony of the detective and the deputy sheriff who arrested and searched appellee, the trial judge

-

issued a letter opinion, which contained findings of fact and concluded that the officers lacked probable cause to arrest appellee. Thus, the trial judge suppressed the arrest and the seized items.

## II.

The Commonwealth contends the trial judge erred in finding that, when the officers arrested appellee, the officers had insufficient probable cause to believe he had committed a felony. The Commonwealth argues that the information available to the officers was sufficient for them to believe appellee "had intended to defraud [Hipes], that he had in fact effected the fraud, that he had used false pretense to do so and that [Hipes] had relied upon that pretense."

On appeal from a ruling on a motion to suppress, the burden is upon the appellant, in this case the Commonwealth, to show the trial judge's ruling constituted reversible error. Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1989). The principle is well established that "[w]hether [a warrantless] arrest was constitutionally valid depends . . . upon whether, at the moment the arrest was made, the officers had probable cause to make it." Beck v. Ohio, 379 U.S. 89, 91 (1964). In other words, the issue is "whether at that moment [of arrest] the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant

-

a prudent man in believing that the petitioner had committed or was committing an offense."  Id.

We review de novo the trial judge's application of the legal standard of probable cause to the particular facts of the case. McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc).  In our review, however, "we are bound by the trial [judge's] findings of historical fact unless 'plainly wrong' or without evidence to support them."  Id.  The trial judge's findings included the following:

> No warrant or summons had been issued at the time of the arrest for the misdemeanor for which the [appellee] was arrested.  If there was probable cause to arrest upon suspicion of a felony, no such arrest was made at the scene of the stop, nor at any other time in evidence, until after the magistrate had issued a felony warrant.
>
> It is also noteworthy that neither the name of the [appellee] was known to the officer(s) nor did they have a detailed description of him.  Further, the officer(s) did not identify the [appellee] or his vehicle, but relied upon the representations of Dorr who was then under arrest, in possession of the check and being interrogated.  Dorr's identification of the vehicle cannot be fairly said to be inculpatory under such circumstances.
>
> *     *     *     *     *     *     *
>
> The arrest of the [appellee] lacked probable cause.  The [appellee] had committed no offense in the officer(s) presence.  While [Hipes] had made, indirectly, a complaint of wrongdoing, she had not identified the [appellee].  No warrant or other indicia of formal arrest was outstanding.  The check was in the

-

possession of, and payable to Dorr.  The only identification of the [appellee] was made by Dorr whose veracity and reliability was unknown to the officer(s).

The record clearly establishes that the officers knew very little about appellee when they arrested him.  Hipes had given a general description of four "white males" but had not given any distinguishing physical characteristics except that one had dark hair and was cleanly dressed.  She said the other three were dirtier with tar on them.  No testimony further identified the men, indicated which man made particular statements to Hipes, or established who was present when various statements were made.  The officers had no basis to know whether the two men who arrived later and performed the work were aware of the financial arrangements or Hipes's expectation of receiving asphalt and not sealant.  The only indication that appellee was one of the two individuals who solicited the work from Hipes was Dorr's statements.

When the police act upon the tip of an informant to make an arrest, the informant's veracity and reliability must be established.  Russell v. Commonwealth, 33 Va. App. 604, 610, 535 S.E.2d 699, 702 (2000).  The officer had no basis, however, to assume Dorr was credible or reliable.  Although Dorr possessed Hipes's check and apparently was aware of the transaction with Hipes, those facts are not sufficient to establish Dorr's reliability and truthfulness regarding the events.  This was the

-

first encounter between Dorr and the officers.  "Although [Dorr] was not anonymous, . . . he does not have as much indicia of reliability as a known informant who has given previous information."  Beckner v. Commonwealth, 15 Va. App. 533, 538, 425 S.E.2d 530, 533 (1993).  His self-serving statement that he had only worked on the driveway was not particularly inculpatory.  As we have noted, informants "'typically provide information after they have been apprehended by the police and after it is apparent to them that the police already know of their own involvement in the serious offense.'"  Russell, 33 Va. App. at 616, 535 S.E.2d at 705 (citation omitted).  See also Lee v. Illinois, 476 U.S. 530, 545 (1986) (holding that "a codefendant's confession is presumptively unreliable as to the passages detailing the defendant's conduct or culpability because those passages may well be the product of the codefendant's desire to shift or spread blame, curry favor, avenge himself, or divert attention to another").

As the trial judge found, Dorr's "veracity and reliability [were] unknown" to the officer when he stopped appellee.  The record clearly supports the finding that upon the totality of the circumstances the officers had no basis to believe Dorr was reliable or credible before detaining appellee.  Accordingly, we hold that the trial judge's determination that Dorr's veracity and reliability were not established was neither plainly wrong nor unsupported by the evidence.

-

III.

Although the Commonwealth also contended on brief that the trial judge erred in applying Code § 19.2-81 and suppressing evidence discovered by the officers when they arrested appellee for a misdemeanor not committed in their presence, that issue was abandoned and not pursued on appeal. Accordingly, we affirm the order suppressing the evidence and the arrest.

Affirmed.