COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                                MEMORANDUM OPINION* BY
v.        Record No. 0242-11-1                  JUDGE LARRY G. ELDER
                                                AUGUST 16, 2011
WILLIAM C. THOMAS


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            E. Preston Grissom, Judge

            Alice T. Armstrong, Assistant Attorney General II (Kenneth T.
            Cuccinelli, II, Attorney General, on briefs), for appellant.

            Timothy G. Clancy (Moschel, Clancy & Walter, P.L.L.C., on
            brief), for appellee.


        William C. Thomas (defendant) stands charged with possession of cocaine in violation of

Code § 18.2-250, which was seized during execution of a search warrant for his home.  Pursuant

to Code § 19.2-398, the Commonwealth appeals a pretrial ruling granting defendant's motion to

suppress.  Because the record and evidence support the circuit court's ruling, we affirm and

remand for further proceedings consistent with this opinion if the Commonwealth be so advised.

        In order to attack a "'facially sufficient affidavit,'" a defendant must make a dual

showing under Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).[1]

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The record shows some confusion existed below regarding the form of proof required to
support the request for a hearing and who had the burden of going forward with the evidence.
See Franks, 438 U.S. at 171, 98 S. Ct. at 2684, 57 L. Ed. 2d at 682.  However, on appeal, the
Commonwealth has assigned error only to the merits of the court's ruling on the Franks test.
Thus, we do not consider the procedure followed below.  Cf. Barnes v. Commonwealth, 279 Va.
22, 33, 688 S.E.2d 210, 216 (2010) (affirming the circuit court's ruling upholding the warrant

Barnes v. Commonwealth, 279 Va. 22, 31, 688 S.E.2d 210, 215 (2010) (quoting United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)). First, he must show "'a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" Colkley, 899 F.2d at 300 (quoting Franks, 438 U.S. at 155-56, 98 S. Ct. at 2676, 57 L. Ed. 2d at 672). Alternatively, Franks applies when an affiant "omit[s] material facts 'with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading.'" Id. (quoting United States v. Reivich, 793 F.2d 957, 961 (8th Cir. 1986)). This is a question of fact to be proved by a preponderance of the evidence. Colkley, 899 F.2d at 300.

Second, in the case of an omission, a defendant must show the omission was material and that the affidavit, if supplemented with the omitted material, would have been insufficient to establish probable cause. Reivich, 793 F.2d at 961. This is to be judged under an objective standard. Barnes, 279 Va. at 31, 688 S.E.2d at 215 (citing Colkley, 899 F.2d at 300). "When the factual basis for probable cause is provided by an informer, the informer's (1) veracity, (2) reliability, and (3) basis of knowledge are 'highly relevant' factors in the overall totality-of-the-circumstances probable cause analysis." Russell v. Commonwealth, 33 Va. App. 604, 610, 535 S.E.2d 699, 702 (2000). "[I]f the informer is a disinterested citizen who is either a victim of or eyewitness to, a crime, police properly may give more weight to the informer's information than they would to information from a 'criminal' informer, whose motives are less likely to be pure." Reed v. Commonwealth, 36 Va. App. 260, 267-68, 549 S.E.2d 616, 619-20 (2001). However, if the evidence establishes the citizen informant had a motive to falsify and fails to establish some other indicia of reliability, such as independent corroboration or a statement against penal interest, a law enforcement affiant's sworn statements of the informer's

despite that court's "improper procedure" in "conduct[ing] a Franks hearing absent the establishment of the requisite substantial preliminary showing").

allegations regarding a crime, standing alone, are insufficient to provide probable cause for the issuance of a warrant. See Lester v. Commonwealth, 30 Va. App. 495, 501, 518 S.E.2d 318, 320-21 (1999).

Here, the affidavit form specifically requested all "facts" upon which "this informer's credibility or the reliability of the information may be determined." Detective Williams failed to include the facts that defendant had just been awarded custody of informant, his teenaged son, in a "contentious" custody battle and that informant did not want to live with defendant because defendant was "hard on him" due to his poor performance in school. The omitted information established informant had a motive to lie about the presence of contraband in defendant's home in an effort to anger his father into returning him to the custody of his mother. The information omitted also indicated informant made inconsistent statements concerning his familiarity with marijuana, stating first he had never smoked marijuana and stating later both that he was familiar with marijuana because he had smoked it before and that he knew the substance he claimed to have found beneath his father's sink was marijuana because he smoked some of it. Detective Williams did not include these statements in the affidavit and indicated, to the contrary, that his second interview with informant "was consistent with the first." He admitted at the suppression hearing that he should have included in response to the affidavit's credibility question that informant "lied" by originally denying he had ever smoked marijuana. Finally, Detective Williams omitted his suspicion that informant was not being truthful about the size of the bag of marijuana he claimed to have found, which provided additional information relevant to informant's credibility.

Because informant did not make either of his inconsistent statements regarding his marijuana smoking under oath, his penal admission added little, if any, credibility to his claims. Further, we are unable to conclude that the content of informant's tip "gave him any reason to

fear prosecution for giving false information if the tip failed to prove completely accurate."

Russell, 33 Va. App. at 616, 535 S.E.2d at 705. The only information informant gave Detective Williams on January 4 was that a small bag of marijuana, rather than the larger gallon-sized bag he had previously described, was present in the home, perhaps with a wooden smoking device. If those items were not present when police searched the home, a reasonable conclusion would have been simply that defendant had consumed the remaining marijuana or taken it and the smoking device to a location outside the home. Thus, "the informant could easily conclude that he would not be held responsible if the tip did not prove wholly accurate." Id. at 617, 535 S.E.2d at 705. Finally, informant's tip was not predictive in any way and was not subject to corroboration.

The circuit court found the credibility information was recklessly omitted and held that if the omitted information had been included, any judicial officer to whom the affidavit had been presented would have concluded the informant's statements were not sufficiently credible to justify issuance of a warrant. Given informant's motive to lie and the absence of evidence corroborating his allegations or establishing his reliability in some other way, the record supports this result. In sum, although the search warrant was facially valid and nothing in the record indicates the issuing judicial officer acted improperly, defendant proved, based on the totality of the circumstances which were known to the law enforcement affiant but recklessly omitted from the affidavit, that probable cause was lacking. Thus, "the search warrant must be voided and the fruits of the search excluded." Franks, 438 U.S. at 156, 98 S. Ct. at 2676, 57 L. Ed. 2d at 672.

For these reasons, we affirm the ruling granting defendant's motion to suppress.

Affirmed and remanded with instructions.