# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Du Shawn Lamont Gregory

Case No. 15–70

Commonwealth of Virginia

v.

Ty Quane Gregory

Case No. 15–71

October 30, 2015

BY JUDGE RICHARD E. MOORE

The issue in this case is whether there was an intentional or reckless omission of critical information in a search warrant affidavit such that it was misleading and, if so, whether the affidavit can survive and constitute probable cause if the omitted information is included.

The Court previously ruled, on August 31, 2015, that the defendants had made the necessary substantial showing under *Franks v. Delaware*, 438 U.S. 154 (1978), to require an evidentiary hearing on the issue. That hearing was held on September 25, 2015.

*Facts*

The operative facts in this case are, on October 30, 2014, the Charlottesville Police executed a search warrant at 544-B Cleveland Ave. This search warrant was issued upon an affidavit prepared and presented to the magistrate October 22.

The affidavit states, in numbered paragraph 4, setting forth the basis for probable cause, "Within the past 72 hours, Source A has purchased cocaine from Du Shawn Lamont Gregory (D.O.B. 03–24–1987) from inside the residence of 544 Cleveland Avenue, Apartment B, Charlottesville, Va. Your affiant field tested the cocaine from this purchase and it did, in fact, test positive for cocaine. Source A advised your affiant that Du Shawn Gregory resides at 544 Cleveland Ave., Apt. B, Charlottesville, Virginia. Your affiant, through police records, determined that 544 Cleveland Avenue, Apt. B, is listed as the home address for Du Shawn Gregory, which is the address described in sect. 2 of this affidavit."

Paragraph 4 does not say that the buy was recorded on audio or video or that the actual exchange was surveilled or observed by the officers. It also does not contain any verification or corroboration of the facts supporting probable cause from Source A, except for the field test and the address. There are no other sources of information besides Source A.

The affidavit further states, in paragraph 6, regarding the information source: "Source A has demonstrated the ability to purchase cocaine for the J.A.D.E. Task Force under controlled circumstances on at least 21 occasions. Source A's information has led to the arrest of two persons for felony drug charges. Source A is a self admitted past user of cocaine and is therefore familiar with the appearance of cocaine and the ways that cocaine is packaged, priced, and sold in the Charlottesville, Virginia, area. Your affiant has been a police officer for over fifteen years and has been assigned to the J.A.D.E. Task Force since April of 2005. Your affiant has received basic training in drug enforcement as well as specialized training in drug enforcement. Your affiant has been involved in over 500 drug arrests and investigations while assigned to the J.A.D.E. Task Force."

The affidavit also notes that the information supporting probable cause was not from the detective's personal knowledge but was wholly told to him by another, the informant, Source A.

The night before the obtaining of the search warrant, October 21, the informant had actually made a "controlled buy" from the house that was to be searched. The Court understands "controlled buy" to mean a purchase of drugs for law enforcement purposes under the direction or supervision of the police, who are either actually or constructively present, and that generally is visually surveilled and observed and possibly monitored and/ or recorded on audio or video. Prior to the probable cause purchase, the informant (or cooperating individual) was searched, as was his car. The officer, Office McCall, did not find any drugs or other items of concern.

After the purchase, both the informant and the vehicle were searched again. The officers recovered from the informant the substance he said he purchased from one of the defendants and some of the money they had given him for the purchase. However, when the officers searched the vehicle, they also found three empty baggies, of a type that drugs are often bought and sold in, and one of them had visible residue; two were in the front passenger map pocket (found by Officer McCall), and the other was in the driver's side map pocket (found by Det. Lucas). When confronted, the informant said that they were "probably" his and that he was a user. (The affidavit was also originally challenged on the basis that it said that the informant was a "past user," but the Court ruled that, even if it had said he was a "user" or "current user" of cocaine, that was not something that would have dissolved or defeated probable cause, so was not material and thus did not merit a *Franks* hearing.) When asked further, he indicated he did not sell, but he sometimes purchases drugs outside of the supervision or direction of the police and without their permission or authority in order to find other "targets." When questioned later, he disclosed from whom he had purchased the drugs on October 18, three days earlier.

Detective Seitz was present and was aware when the illicit drugs were found in the car by Officer McCall and Det. Lucas. He did not include this information from the night before in the affidavit, neither the three baggies found in two different locations in the car, the residue in one of the baggies, the failure to find them in the search prior to the buy, the informant admitting that he had purchased them three days earlier without police direction or permission, nor that he had used the cocaine, all contrary to his instructions.

## Procedural Posture

Defendants have moved the Court to suppress the items found in the search, a gun, some drugs, money, scales, etc., as the fruit of an unlawful search. Their argument is that the warrant, in this case, was wholly dependent upon the credibility of the informant, with no corroborating information and no other sources, and that the omitted evidence was relevant to the credibility and reliability of the informant, and should have been disclosed to the magistrate. They, further, argue that, if it had been, in all likelihood, the magistrate would not have found the informant credible and thus would not have found that probable cause for the search existed.

## Discussion of Authority

### A. *Credibility and Reliability*

"A [search] warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause." *Franks v. Delaware*, 438 U.S. 154, 165 (1978). This is especially important where the

source of information is an informant's tip. An affidavit must present "some of the underlying circumstances" both from which the informant concluded evidence would be discovered and from which the officer concluded the informant was credible or reliable. *Id.*, quoting *Aguilar v. Texas*, 378 U.S. 108, 114 (1964). In this case, unlike many others, the challenge is as to the "veracity, reliability, and basis of knowledge" of the informant and his information. *See Russell v. Commonwealth*, 33 Va. App. 604, 610 (2000). The practical question is why should the police or magistrate believe the information the source has given them. When one's credibility is based solely on his prior performance as an informant, it is critical that the magistrate have all relevant information relating to his performance. Here the unnamed informant's credibility is based on the fact that he had given information in two cases that resulted in arrests. His reliability is supported by the fact that he had purchased drugs under controlled conditions, following instructions of the police, on twenty-one occasions. These facts standing alone would have been sufficient — and in fact, were sufficient — to establish probable cause. However, unbeknownst to the magistrate, these facts were not the entirety of the underlying circumstances surrounding this informant.

This informant, the night before the search warrant was obtained, violated his contract with the police and did not follow instructions, following instructions being a stated basis for his credibility, by possessing drugs not part of the controlled buy. Furthermore, he admitted using drugs during the time of his contract, contrary to the instructions. He told the police none of this until the baggies were discovered in his car and he was questioned about them. It is now apparent that the drugs were in the car before the buy, and given the informant's apparent disregard of both the law and the detectives' instructions, and the lack of actual visual monitoring, it is certainly conceivable that the drugs he turned over to the police after the "buy" at Cleveland Avenue did not even come from the defendant. (This is the very reason that informants are searched before and after a buy.) The affidavit sets forth no other evidence to bolster the informant's credibility; it is based solely on his giving information twice and following instructions to make buys.

B. *Omissions and Franks*

Although there is a presumption of validity for affidavits in support of search warrants, allegations of intentional or reckless disregard for the truth accompanied by proof may be sufficient for a hearing where the omitted information is necessary to establishing probable cause. *Franks*, 438 U.S. at 171–72. This Court found a sufficient preliminary showing was made of the reckless omission and the materiality and significance of the omission. Where such a sufficient showing is made, the Court must apply a "totality of the circumstances test" and determine "whether the affidavit with the

omitted information would be supported by probable cause." *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990); see also *Barnes v. Commonwealth*, 279 Va. 22, 34-35 (2010). Thus, where there are other sources of probable cause or other corroborating facts or circumstances to make up for an unreliable source or previously omitted information, the affidavit and warrant may still be valid. *Id.*

But, in this case, Paragraph 4 of the affidavit does not indicate any source in addition to the informant in question. It does not cite another controlled buy by another informant, or any audio or video recording from this buy, nor any surveillance, or a statement from another source corroborating the presence of drugs at the residence, which could have served to establish probable cause in the absence of the informant. So, Source A's information and his credibility are essential to a determination of probable cause.

Where the affidavit relies so heavily on one informant's information, it is difficult to see how probable cause could have been established if the magistrate had the evidence about the informant's lying to officers, holding back information, and violating the rules of his contract.

## C. *Reckless Disregard*

The real question is whether the omitted information about the informant's misconduct the night before falls under *Franks*. The Court finds this was not an intentional misstatement or false statement, nor was it an omission for the purpose of misleading, and the defendants did not assert otherwise. In fact, it is this Court's view that the detective was not trying to hide anything and he called the Commonwealth's Attorney to discuss the situation, and the Commonwealth later turned this information over to defense counsel. But that does not end the inquiry or resolve the matter. Even where intent to mislead is absent, reckless disregard as to the effect of an omission falls under *Franks*: "*Franks* protects against [not only] omissions that are "designed to mislead," [but also those] that are made in *reckless disregard of whether they would mislead*, the magistrate." *Colkley*, 899 F.2d at 301; *see also Barnes*, 279 Va. at 32. A defendant must make a showing that the omission of the information in question was both material and reckless. *Williams v. Commonwealth*, 26 Va. App 612, 618 (1998).

In determining whether the omission was made in reckless disregard, it is critical to the Court that the events illuminating the informant's unreliability occurred the night before and concerned the very same purchase that was the apparent basis for probable cause and that the officers became aware of the informant's unreliability the very night before they decided to use him as a source of probable cause. Whether the decision was made to leave out the information or the information was simply forgotten, overlooked, or not considered when preparing the affidavit, its absence was reckless and its omission prevented the magistrate from knowing the underlying circumstances pertinent to the informant's credibility and reliability.

When Det. Seitz knew about but omitted from the affidavit the information of the informant's misbehavior on this particular buy, he should have known that this was relevant to probable cause and, if included, likely would damage or defeat probable cause by destroying the informant's credibility. Despite the argument of the Commonwealth from *Miller v. Prince George's County, Md.*, 475 F.3d 621 (4th Cir. 2007), that the detective must "know" that the omitted information would defeat probable cause, it is the Court's view that if he knew or should have known or had reason to know of the significant detrimental or damaging effect of the omitted information and left it out, this constitutes reckless disregard. *Miller* also speaks of a "high degree of awareness of the probable falsity" and "reasons to doubt the accuracy" of information as reckless disregard. *Id.* at 627. For that very reason the officers, quite candidly and properly, reported this to the Commonwealth's Attorney, who decided they would no longer use the informant to make buys, presumably because he was no longer trustworthy. The detective and the Commonwealth are in fact to be commended for this behavior and response. Nevertheless a mistake was made, the mistake made the affidavit misleading, and fatally so, and this is a deficiency the detective could have and should have remedied. However, the problem is that, after revealing this information to the prosecutor and deciding not to use the informant anymore because of his unreliability, this was not revealed to the magistrate who had to judge his reliability and credibility, and this same unreliable informant was used as the sole basis of probable cause in the affidavit. The detective's decision to call the Commonwealth's Attorney and the decision not to use the informant anymore should have alerted him to the importance of the information.

I also do not find, as the Commonwealth asserts, that the circumstances surrounding the informant's misconduct in any way increase his credibility nor that revealing such to the Commonwealth's Attorney compensates for not relating it to the magistrate. And, while the Commonwealth in its arguments refers to the detective's being aware of the audio and video recordings as foreclosing reckless disregard, he said that, in the audio recording, he could only hear voices and conversation, and not words, and I do not recall any specifics about the video, nor do I believe it captured the transaction itself.

Therefore, it should have been included in the affidavit. For that reason, it is improper to consider the affidavit without such omitted information, and I find that, with it, there is no basis for the informant's credibility. And, if there is no basis for the informant's credibility in this affidavit, since the informant was the sole information source, there is no basis for a finding of probable cause.

*Conclusion*

Therefore, for the foregoing reasons, I will grant the motion to suppress the evidence seized pursuant to the search warrant, and will exclude such from trial, and will enter an order this this effect. The Commonwealth put forth no other basis for the admissibility of such evidence. While it is true, as the Commonwealth asserts, that the affidavit does not need to contain all the facts in the case, but only enough to support probable cause, and certainly does not have to contain all exculpatory evidence under *Brady*, which addresses a trial right, in this case, the only basis for probable cause was the informant's statement and information; the only basis for his credibility is his previous information and cooperation and following instructions, and the very night before the affidavit was submitted, at the same residence as the search, he did not follow instructions and, in fact, was surreptitiously possessing cocaine at the same time he purportedly was delivering the purchased cocaine. The Court's ruling here is simply that, under these specific circumstances, the magistrate should have been informed of these circumstances and the warrant cannot survive the omission. It is the nature and recency of the information and underlying incident that is dispositive in this case. Whether the prosecution is in a position to pursue the charges further and proceed to trial without this evidence is something they must decide. They may also seek to pursue an interlocutory appeal prior to trial.