COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


CAVELL DEVON WEST

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0120-07-2                      JUDGE ROBERT J. HUMPHREYS
                                                         MAY 20, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        William R. Shelton, Judge Designate

            Matthew T. Paulk (Matthew T. Paulk, P.C., on brief), for appellant.

            Rosemary V. Bourne, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Cavell Devon West ("West") appeals his convictions for murder in the first degree, in

violation of Code § 18.2-32, breaking and entering while armed with a deadly weapon, in

violation of Code § 18.2-89, and two counts of use of a firearm in the commission of a felony, in

violation of Code § 18.2-53.1. West confessed his crimes to the police, but he claims that the

trial court erred by admitting that confession because it was the result of an unconstitutional

interrogation. West claims that the officers interrogating him denied his request for an attorney,

in violation of his rights under the Fifth Amendment to the United States Constitution. Because

West made no unequivocal request for an attorney prior to confessing to his crimes, we hold that

the trial court did not err by admitting West's confession into evidence.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Analysis

"In reviewing a trial court's ruling on a suppression motion, we consider the evidence in the light most favorable to the prevailing party below, the Commonwealth in this instance, granting to it all reasonable inferences fairly deducible therefrom." Askew v. Commonwealth, 38 Va. App. 718, 722, 568 S.E.2d 403, 405 (2002).

West argues on appeal that Officer Jeff Hinson ("Officer Hinson") violated his right to counsel and that the trial court erred by denying his motion to suppress. Whether a defendant requested an attorney during a custodial interrogation is a mixed question of law and fact. Commonwealth v. Redmond, 264 Va. 321, 326, 568 S.E.2d 695, 697 (2002). As such, we defer to the trial court's findings of fact unless they are clearly erroneous. Id. at 327, 568 S.E.2d at 698. However, we review the trial court's application of the Fifth Amendment to those facts *de novo*. Id.

In Edwards v. Arizona, 451 U.S. 477 (1981), the Supreme Court of the United States held that when a suspect has "expressed his desire to deal with the police only through counsel," he may not be subjected to "further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." Id. at 484-85. If the authorities continue the interrogation after the suspect has invoked his right to counsel, the fruits of the subsequent interrogation are inadmissible against the suspect at trial. Id. at 485.

In order to invoke his right to counsel, a suspect must clearly and unequivocally request an attorney. Davis v. United States, 512 U.S. 452, 454 (1994). "Although a suspect need not 'speak with the discrimination of an Oxford don,' he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Id. at 459 (quoting id. at 476 (Souter,

J., concurring in judgment)).  "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," interrogation may continue.  Id. (emphasis in original).  Moreover,

> when a suspect makes an ambiguous or equivocal statement[,] it will often be good police practice for the interviewing officers to clarify whether or not he actually wants an attorney . . . . Clarifying questions help protect the rights of the suspect by ensuring that he gets an attorney if he wants one, and will minimize the chance of a confession being suppressed due to subsequent judicial second-guessing as to the meaning of the suspect's statement regarding counsel.

Id. at 461-62.

West claims that he clearly and unequivocally invoked his right to counsel when he stated:  "I am willing to talk, but can I have a lawyer in here or something?"  The Supreme Court of Virginia has twice addressed very similar statements made in the context of a police interrogation.  Both cases are instructive.

In Redmond, the Supreme Court of Virginia held that a suspect's statement:  "Can I speak to my lawyer?  I can't even talk to [a] lawyer before I make any kinds of comments or anything?" was not sufficient to invoke his right to counsel.  Redmond, 264 Va. at 325, 568 S.E.2d at 697.  After having reviewed a videotape of the interrogation contained in the record, the Court concluded:

> the defendant's questions, "Can I speak to my lawyer?  I can't even talk to [a] lawyer before I make any kinds of comments or anything?" were not a clear and unambiguous assertion of his right to counsel.  Even though the circuit court in this instance did not make specific factual findings, the historical facts such as the context of the defendant's questions, the tone of his voice, his voice inflections, and his demeanor support the conclusion that this defendant did not make a clear assertion of his right to counsel.

> At best, the defendant's questions may be construed as a desire on his part to obtain more information about his <u>Miranda</u> rights.

<u>Id.</u> at 330, 568 S.E.2d at 700.

In <u>Commonwealth v. Hilliard</u>, 270 Va. 42, 613 S.E.2d 579 (2005), the Supreme Court reviewed a statement nearly identical to the one made by the defendant in <u>Redmond</u>. In <u>Hilliard</u>, the Court held that a suspect's statement, "Can I get a lawyer in here?" *was sufficient* to invoke the suspect's right to counsel. <u>Id.</u> at 46, 613 S.E.2d at 582. The difference between <u>Hilliard</u> and <u>Redmond</u> was the context in which the statements were made. In <u>Hilliard</u>, when the suspect stated, "Can I get a lawyer in here?" he had already made two earlier inquiries about a lawyer. During the same interrogation, the suspect had said, "Can I have someone else present too, I mean just for my safety, like a lawyer like y'all just said?" and "I would like to have somebody else in here because I may say something I don't even know what I am saying, and it . . . might jam me up in some incidents, and I don't want that to happen, man." <u>Id.</u> The Court held that "[w]hen viewed as a whole," in light of "the context of the circumstances and the prior statements," the suspect's "third alleged request . . . was an unequivocal request for counsel stated with sufficient clarity that a reasonable police officer under the circumstances would have understood the statements to be a request for counsel." <u>Id.</u> at 52, 613 S.E.2d at 586.

Here, the context of West's request, "Can I get a lawyer in here or something?" is more similar to the circumstances of <u>Redmond</u> than <u>Hilliard</u>. Like the suspect in <u>Redmond</u>, and unlike the suspect in <u>Hilliard</u>, West made only one reference to an attorney and did so in the form of a question rather than in the form of a statement requesting an attorney. That reference, on its face, was not an unequivocal request for counsel. In its ruling, the trial court explained, "He is saying, can I get a lawyer? He is not saying, I want a lawyer. . . . He didn't say that." The video recording of the interview supports this finding. The statement's context indicates that West did

not make a clear and unequivocal request for an attorney. The tone of the interview, West's demeanor at the time of the statement, and Officer Hinson's response to the statement all tend to show that a reasonable police officer would have understood the statements to be a request for information, not a request for counsel. When told that he would have to wait in jail until an attorney arrived, West confessed and did not again mention an attorney. We see no reason to construe his statement as anything more than a request for a clarification of his rights. As such, it did not invoke his right to counsel.

## Conclusion

Because West did not clearly invoke his right to counsel, Officer Hinson did not violate West's Fifth Amendment rights by continuing to interrogate him. Thus, we affirm the trial court's decision to deny West's motion to suppress his confession.

<u>Affirmed.</u>