COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Willis
Argued at Chesapeake, Virginia


BOBBY DESHAWN BYRD

v.        Record No. 1960-06-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
OCTOBER 23, 2007


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Judge Designate

Joseph A. Sadighian, Senior Assistant Appellate Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

(Robert F. McDonnell, Attorney General; Donald E. Jeffrey, III,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Bobby DeShawn Byrd ("Byrd") appeals his conviction for possession of heroin with

intent to distribute, in violation of Code § 18.2-248.  On appeal, Byrd argues that the trial court

erred in denying his motion to suppress heroin found in his jacket pocket.  Byrd claims that the

heroin was recovered as a result of an unreasonable search in violation of the Fourth Amendment

to the United States Constitution.  Specifically, Byrd argues that information provided to the

police by a confidential informant was insufficient as a matter of law to constitute probable cause

for arrest.  For the following reasons, we agree and hold that the trial court erred in denying

Byrd's motion to suppress.

I.  BACKGROUND

"In reviewing a trial court's ruling on a suppression motion, we consider the evidence in

the light most favorable to the prevailing party below, the Commonwealth in this instance,

granting to it all reasonable inferences fairly deducible therefrom."  Askew v. Commonwealth,

38 Va. App. 718, 722, 568 S.E.2d 403, 405 (2002). So viewed, the evidence established the following.

On January 17, 2006 a confidential informant[1] contacted Detective G.B. Smith ("Smith") of the Portsmouth Police Department. The informant told Smith that Shawn Byrd was selling heroin on the corner of Lincoln and Camden Streets in Portsmouth. The informant described Byrd as a black male wearing a burgundy coat with a fur hood and blue jeans. Smith did not ask, and the informant did not state, whether the informant had actually observed the sale or possession of narcotics by Byrd.

This informant had worked as a paid informant for the Portsmouth Police Department since 2002. Smith had personally worked with the informant for approximately one year and had received information from the informant six times. Police had used that information to secure one search warrant, make three arrests, and recover evidence on six occasions. Although there is no evidence that information provided by the informant had ever led to a conviction, Smith testified that he had never known the informant to give unreliable information.

Smith relayed the informant's statements to Officer J.P. Worley ("Worley") and told Worley to place Byrd under arrest because he was "possibly holding narcotics." Worley immediately went to the corner of Lincoln and Camden Streets where he saw a black male wearing a burgundy coat with a fur hood and blue jeans. Worley approached the individual who identified himself as Shawn Byrd. Worley then arrested Byrd and brought him to the police station. At the station, Smith searched Byrd, and found heroin in his coat sleeve. Byrd was subsequently indicted for possession of heroin with intent to distribute, in violation of Code § 18.2-248.

---

[1] Although the informant's gender is unknown, we will refer to it as a male for the sake of convenience.

Prior to trial, Byrd moved to suppress the heroin arguing that the confidential informant's tip did not provide probable cause for the arrest. Byrd argued that the informant's description of Byrd's clothing and whereabouts, coupled with Detective Smith's limited history with the informant, were insufficient to create probable cause. The trial court denied Byrd's motion. The court found, based on the informant's history of reliability, that the information in the tip was reliable. The court held that the informant's reliability and the accuracy with which it described Byrd constituted probable cause.

At trial, Byrd made a continuing objection to the admission of the heroin, but the court denied his objection and found him guilty as charged. The trial court convicted Byrd, and he now appeals.

## II. ANALYSIS

### A. Procedural Bar

Before reviewing the merits of Byrd's appeal, we first address the Commonwealth's argument that Rule 5A:18 bars several of Byrd's arguments. The Commonwealth argues that much of Byrd's appeal is barred because Byrd failed to object with the requisite level of specificity.[2] We disagree.

---

[2] The Commonwealth argues in its brief that:

> [T]he Court should consider the following arguments procedurally defaulted: the defendant's arguments that [sic] Court should grant no "deference to the officer's legal determination" that he had probable cause; the defendant's argument that the trial court failed to properly apply the "totality of the circumstances" or "balanced assessment" test in this case; the defendant's argument that "we do not know the informant's age, gender, mental status, criminal record, or reputation for truth and veracity" or whether the "informant knew [the defendant] or bore any grudge toward [the defendant]"; that there was no information as to whether the informant was a "drug user or had any basis to recognize heroin"; that "at the time of the incident, the informant's tips had resulted in [only] three arrests, two recoveries of narcotics, and one search

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Cirrito v. Cirrito, 44 Va. App. 287, 314, 605 S.E.2d 268, 281 (2004). Rule 5A:18 "does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial." Lash v. County of Henrico, 14 Va. App. 926, 929, 421 S.E.2d 851, 853 (1992) (*en banc*).

Byrd's sole claim on appeal is that the heroin found in his jacket was inadmissible at trial because the confidential informant's tip did not establish probable cause to arrest him. Byrd went to great lengths to bring this argument to the attention of the trial court. Prior to trial, Byrd made a motion to suppress, arguing that the heroin was inadmissible because Detective Smith did not have probable cause to arrest him. At the suppression hearing Byrd's attorney specifically argued:

> [A] confidential informant had given [the police] a tip, and what
> I'm submitting today is that the tip alone did not give them
> sufficient probable cause to arrest Mr. Byrd and execute that
> warrantless search, either on the street and later at the station . . . .
>
> *     *     *     *     *     *     *

> warrant [but] there was no evidence that the informant's tips had
> resulted in any convictions"; that the informant was inherently
> unreliable because he was a paid informant; that this Court should
> "ignore Detective Smith's conclusion that the informant was
> reliable"; that there is legal significance to Officer Worley's
> testimony that Smith informed him that the defendant was only
> "possibly" in possession of heroin; and that the informant did not
> "provide any facts concerning behavior that could be corroborated"
> and that the facts that were provided were "easily obtained facts."

(Citations omitted).

[A]n officer has probable cause where they can raise an inference that the informant must have given information based on personal knowledge.  That isn't the case here.

Detective Smith testified he got the tip, and he didn't really ask him about the basis of his knowledge.  He just took him at his word.

\* \* \* \* \* \* \*

There was no indication that this tip was based on personal knowledge or whether it was based on hearsay. . . .

There's no indication here as to what the informant's basis of knowledge is.

\* \* \* \* \* \* \*

Your Honor, I'm going to ask you to suppress the evidence. I don't think there's probable cause to arrest him on the street or detain him further after no narcotics were found on the street and transport him to headquarters and search him again without a warrant.

At trial, Byrd made a continuing objection to the admission of the heroin.  In response to his objection, the Court stated:  "I think what you're saying is you want your objection made in the suppression hearing to be a continuing objection . . . that's appropriate, and so I will consider your objection made.  You're not waiving it when you don't make it again."

Based on the foregoing colloquy, it is abundantly clear that Byrd brought the error he complains of on appeal to the attention of the trial court.  Byrd moved the court to suppress the heroin, arguing that the police did not have probable cause to arrest him.  He specifically argued that the confidential informant's tip did not create probable cause because the informant did not provide a basis for his knowledge.  Byrd now makes the same argument on appeal.  Byrd did everything reasonable to preserve the issue for appeal, to the extent that the trial court specifically assured him that he had not waived his objection.  On the record before us, it could hardly be any clearer that Byrd properly preserved this issue for appeal.

B. Motion to Suppress

Byrd argues that the trial court erred in denying his motion to suppress the heroin found in his coat pocket. We agree.

The existence of probable cause in a particular case is "a mixed question of law and fact." Ornelas v. United States, 517 U.S. 690, 696 (1996). Accordingly, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc). However, we review the "ultimate questions" of probable cause to make a warrantless search or arrest *de novo*.[3] See Ornelas, 517 U.S. at 691.

"'The test of constitutional validity of a warrantless arrest is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'" Russell v. Commonwealth, 33 Va. App. 604, 609, 535 S.E.2d 699, 702 (2000) (quoting Bryson v. Commonwealth, 211 Va. 85, 86-87, 175 S.E.2d 248, 250 (1970)). "When making a warrantless arrest, an officer 'may rely upon information received through an informant, rather than upon direct observations,' so long as the officer has reasonable grounds to believe the informant's statement is true." McGuire v. Commonwealth, 31 Va. App. 584, 595, 525 S.E.2d 43, 48 (2000) (quoting Illinois v. Gates, 462 U.S. 213, 242 (1983)).

---

[3] "This is higher than the standard we apply in reviewing the existence of probable cause to support the issuance of a warrant." Russell v. Commonwealth, 33 Va. App. 604, 610 n.2, 535 S.E.2d 699, 702 n.2 (2000). "Appellate review of a magistrate's probable cause determination is deferential in nature . . . ." Id. "In the absence of a warrant, however, we review the issue of probable cause *de novo*, giving no deference to the officer's legal determination." Id.

When a confidential informant provides the basis for probable cause, there are two considerations that are particularly relevant to our analysis: (1) the veracity or reliability of the informant and (2) the informant's basis of knowledge. Gates, 462 U.S. at 230. The reliability and basis of knowledge of an informant are not "independent 'elements' that must be 'proved'" in order to find probable cause. Polston v. Commonwealth, 24 Va. App. 738, 744, 485 S.E.2d 632, 635 (1997).

> Instead, they are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.
>
> If, for example, a particular informant is known for the *unusual* reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip.

Gates, 462 U.S. at 233 (emphasis added).

Here, the trial court found that the informant was reliable. Smith had used information provided by this informant on six occasions. The information provided by the informant to Smith had resulted in one search warrant, three arrests, and six recoveries of narcotics. Smith testified that the informant had never provided information that was inaccurate. The trial court's determination of the informant's reliability is a finding of fact supported by evidence in the record. The record here clearly provides support for the trial court's finding that the informant was reliable, and we therefore will not disturb it on appeal.

Nevertheless, although the confidential informant used by Smith was reliable, the informant did not provide any basis for his knowledge of Byrd's criminal activity. The basis of an informant's tip must be "something more substantial than a casual rumor circulating in the

- 7 -

underworld or an accusation based merely on an individual's general reputation." Spinelli v. United States, 393 U.S. 410, 416 (1969). For example, a confidential informant may provide the basis of his knowledge by claiming that he personally observed the crime that he is reporting. See e.g., Askew, 38 Va. App. at 720, 568 S.E.2d at 405 (confidential informant personally observed the defendant in possession of narcotics); Lester v. Commonwealth, 30 Va. App. 495, 501-02, 518 S.E.2d 318, 321 (1999) (confidential informant personally observed the defendant in possession of stolen property); Boyd v. Commonwealth, 12 Va. App. 179, 182, 402 S.E.2d 914, 916 (1991) (anonymous informant had personally observed the defendant in possession of cocaine). In other cases, although the informant does not explicitly claim personal knowledge, his tip may be "so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way." McGuire, 31 Va. App. at 595, 525 S.E.2d at 49. The Commonwealth contends that the accuracy and detail of the informant's description of Byrd demonstrated his basis of knowledge. We disagree.

The "classic case" in which the deficiency of an informant's basis of knowledge was overcome by the corroboration of extensive detail is Draper v. United States, 358 U.S. 307 (1959). Gates, 462 U.S. at 242. In Draper, an informant reported that Draper would arrive in Denver on a train from Chicago on one of two days and that he would be carrying heroin. Draper, 358 U.S. at 309. The informant described what Draper would be wearing and that he would be walking "real fast." Id. The informant provided no basis for this information. Id. On one of the two dates, police apprehended Draper in Denver exiting a train from Chicago. Id. at 310. Draper was dressed exactly as the informant described and was walking rapidly. Id. The Court held that because Draper was dressed exactly as described and showed up exactly when predicted, the police had probable cause to arrest him. Id. at 314.

Here, as in <u>Draper</u>, the police were able to confirm details provided by an informant. However, the details here are unlike those provided in <u>Draper</u>. In <u>Draper</u>, the informant provided details of events that would happen *in the future*. The informant *predicted* where the suspect would be, where the suspect would be coming from, what the suspect would be wearing, and even the manner in which the suspect would be walking on one of two days in the future. The <u>Draper</u> informant could not have made such accurate and detailed predictions of future events without personal or "inside" knowledge of the suspect's activities. Here, the record indicates that the informant provided no details that demonstrated personal or "inside" knowledge that Byrd was in possession of heroin. Every detail that the informant provided and Officer Worley confirmed was readily available to anyone passing that particular street corner on that particular afternoon. The informant provided no verifiable details that were not known to the public at large. The bare assertion that Byrd was engaged in criminal activity, even when coupled with a physical description and geographic location, is insufficient as a matter of law to raise an inference "either of personal observation or of acquisition of the information in a reliable way." <u>McGuire</u>, 31 Va. App. at 595, 525 S.E.2d at 49.

Because the tip provided no basis of knowledge, the question of probable cause turns on whether, under the totality of the circumstances, the evidence showing the informant's reliability is strong enough to overcome the lack of evidence regarding the informant's basis of knowledge. In applying the totality-of-the-circumstances test to the record before us, we hold that the strength of the informant's reliability standing alone was not sufficient to overcome the absence of evidence regarding whether the knowledge of Byrd's involvement in criminal activity was acquired by the informant's personal observation or participation, or was instead acquired through hearsay statements from another unnamed, unknown, and perhaps unreliable person.

- 9 -

As stated above, if

> a particular informant is known for the *unusual* reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge [will] not serve as an absolute bar to a finding of probable cause based on his tip.

Askew, 38 Va. App. at 723, 568 S.E.2d at 406 (emphasis added). In Askew, we examined the reliability of such an informant. The informant in Askew had worked as a paid informant for three years. Id. at 720, 568 S.E.2d at 404. Information he provided had led to over 200 arrests. Id. "The informant had never relayed unreliable information." Id. at 720, 568 S.E.2d at 405. We held that the informant's "undisputed history of reliability" compensated for his failure to thoroughly set forth his basis of knowledge.[4] Id. at 724, 568 S.E.2d at 406.

In this case, the informant's reliability is not so unusual that it compensates for the informant's failure to set forth a basis of knowledge. All that the record reflects is known about the informant in this case is that he had provided accurate information on six prior occasions. There is no evidence in the record that suggests whether these six occasions were the only occasions on which the informant provided information of ongoing criminal activity or other similar background information from which the trial court could have made a determination that this particular informant was unusually reliable. Moreover, there is no evidence regarding the quantity or quality of the information previously provided or its importance in uncovering criminal activity. There is no evidence that any information previously provided by the informant had ever led to a conviction. By contrast, the informant in Askew provided tips that led to over 200 arrests and had never provided unreliable information. While it is not necessary

---

[4] In applying the totality of the circumstances analysis, "the predictive nature, as well as the accuracy and detail of the informant's tip and accompanying description" also factored into our holding that probable cause existed. Askew, 38 Va. App. at 724, 568 S.E.2d at 406.

that an informant have as extensive a track record as the informant in <u>Askew</u>, merely providing accurate information on six previous occasions does not make an informant so reliable that he can simply be taken at his word without providing some basis of knowledge for any accusation he makes.

Under the totality of the circumstances, the informant's tip did not provide Smith and Worley with probable cause to arrest or search Byrd. The informant provided no basis for its claim that Byrd was in possession of drugs. He did not provide such detailed information that a court could infer that he had personal knowledge of the alleged illegal activity. The informant's history of reliability was not so great that it could, standing alone, support a finding of probable cause. Because the officers did not have probable cause, the arrest and subsequent search were unreasonable and the heroin recovered during that search should have been suppressed.

CONCLUSION

For the foregoing reasons, we hold that the appellant's arguments were not procedurally defaulted and that the trial court erred in refusing to suppress the heroin recovered from Byrd's coat. We, therefore, reverse the decision of the trial court and remand for a new trial consistent with this opinion if the Commonwealth be so advised.

<u>Reversed and remanded.</u>