COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


RICHARD TYRONE BANKS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0443-08-1                JUDGE ROBERT J. HUMPHREYS
                                                         MARCH 31, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Johnny E. Morrison, Judge

            William Roots, Jr., for appellant.

            Josephine F. Whalen, Assistant Attorney General II (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Richard Tyrone Banks ("Banks") appeals his conviction for possession of cocaine with

intent to distribute, in violation of Code § 18.2-248.  Banks makes two arguments on appeal:

(1) the trial court erred in denying his motion to suppress because the police lacked the consent

necessary to search the residence where the drugs were found and (2) the evidence was

insufficient to prove Banks possessed the narcotics found in a footlocker at that residence.  For

the following reasons, we disagree and affirm his conviction.

                                    I.  Motion to Suppress

        When reviewing a trial court's denial of a motion to suppress, "we are bound by the trial

court's findings of historical fact unless 'plainly wrong' or without evidence to support them and

we give due weight to the inferences drawn from those facts by resident judges and local law

enforcement officers."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261

─────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(1997) (*en banc*) (quoting <u>Ornelas v. United States</u>, 517 U.S. 690, 699 (1996)). The burden is on the defendant to show that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error. <u>McCain v. Commonwealth</u>, 261 Va. 483, 489-90, 545 S.E.2d 541, 545 (2001).

## A. Initial Stop

On appeal, Banks argues that "[t]he discovery of narcotics at [his mother's residence] was a result of several illegal seizures and searches by the Portsmouth Police Department." First, Banks contends that his initial stop was invalid because it was "predicated upon an informant's information that was not sufficient to warrant the detention." We disagree.

"'The test of constitutional validity of a warrantless arrest is whether at the moment of arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'" <u>Byrd v. Commonwealth</u>, 50 Va. App. 542, 551, 651 S.E.2d 414, 419 (2007) (quoting <u>Russell v. Commonwealth</u>, 33 Va. App. 604, 609, 535 S.E.2d 699, 702 (2000)). When an officer makes a warrantless arrest, he "'may rely upon information received through an informant, rather than upon direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.'" <u>Illinois v. Gates</u>, 462, U.S. 213, 242 (1983) (quoting <u>Jones v. United States</u>, 362 U.S. 257, 269 (1960)). Thus, the officer must have "reasonable grounds to believe the informant's statement is true." <u>McGuire v. Commonwealth</u>, 31 Va. App. 584, 595, 525 S.E.2d 43, 48 (2000).

"When a confidential informant provides the basis for probable cause, there are two considerations that are particularly relevant to our analysis: (1) the veracity or reliability of the informant and (2) the informant's basis of knowledge." <u>Byrd</u>, 50 Va. App. at 551, 651 S.E.2d at 419 (citing <u>Gates</u>, 462 U.S. at 230). We view these elements, not independently, but as part of

"the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Gates, 462 U.S. at 233.

In this case, the trial court implicitly found the informant to be reliable by denying Banks's motion to suppress. Detective T. McAndrew ("McAndrew") of the Portsmouth Police Department testified that he received a tip from a confidential informant with personal knowledge that Banks was in possession of crack cocaine. In a one-year time period, the same informant provided McAndrew with accurate information on ten previous occasions. In each instance, the informant's tip led to the discovery of narcotics. Therefore, the evidence in the record supports the trial court's finding, and we will not disturb it on appeal.

Having found the informant to be reliable, we must next examine his basis of knowledge. "The basis of an informant's tip must be 'something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'" Byrd, 50 Va. App. at 552, 651 S.E.2d at 419 (quoting Spinelli v. United States, 393 U.S. 410, 416 (1969)). An informant may demonstrate his basis of knowledge "by claiming that he personally observed the crime that he is reporting," or "his tip may be 'so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way.'" Id. (quoting McGuire, 31 Va. App. at 595, 525 S.E.2d at 49).

Though he claimed to have personal knowledge, the informant did not specifically state that he personally observed Banks in possession of crack cocaine. Nevertheless, the informant's tip was "so detailed as to raise an inference . . . of personal knowledge . . . ." Id. The informant told McAndrew that Banks was in possession of crack cocaine and would be riding in the back seat of a black Honda, Virginia tags "MANLVE." He further stated that the vehicle would be in

the Brighton section of the City of Portsmouth. These are precisely the circumstances in which the detectives found Banks.

Once he received the tip, McAndrew proceeded to the Brighton section of Portsmouth. Within fifteen minutes, McAndrew discovered a black Honda with the Virginia license plate "MANLVE." The vehicle was parked outside of a house, and Banks was in the back seat. McAndrew observed Banks get out of the vehicle and enter the house. After a few minutes, Banks left the residence and got back into the vehicle. McAndrew followed the vehicle as it left the residence and executed a traffic stop. As the detectives approached the vehicle, they observed "a digital scale laying in plain view next to Mr. Banks." Because digital scales are often used in the distribution of drugs, its presence next to Banks corroborated the informant's tip. See Bolden v. Commonwealth, 49 Va. App. 285, 640 S.E.2d 526 (2007), aff'd, 275 Va. 144, 654 S.E.2d 584 (2008). Therefore, McAndrew had "reasonable grounds to believe the informant's statement [was] true," McGuire, 31 Va. App. at 595, 525 S.E.2d at 48, and was justified in placing Banks under arrest.

## B. Search of the Residence

Banks also argues that the trial court erred in denying his motion to suppress the drugs found in his mother's residence. He contends that the detectives lacked the consent necessary to conduct a warrantless search of the premises. Banks further contends that even if his mother consented to the search of her home, she could not consent to the search of the footlocker. However, Banks's argument overlooks the fact that *he* gave the detectives consent to search the residence as well. "The [F]ourth [A]mendment 'protects people and not places.'" Commonwealth v. Ealy, 12 Va. App. 744, 750, 407 S.E.2d 681, 685 (1991) (quoting Katz v. United States, 389 U.S. 347, 351 (1967)). "Searches made by law enforcement officers pursuant to a valid consent to search do not implicate the Fourth Amendment." Hughes v.

Commonwealth, 31 Va. App. 447, 454, 524 S.E.2d 155, 159 (2000). Therefore, if Banks's consent was valid, the detectives' search would not implicate his reasonable expectation of privacy in his mother's residence.

"Under settled Fourth Amendment principles, 'a search authorized by consent is wholly valid,'" Glenn v. Commonwealth, 49 Va. App. 413, 418, 642 S.E.2d 282, 283 (2007) (*en banc*) (quoting Kyer v. Commonwealth, 45 Va. App. 473, 477, 612 S.E.2d 213, 215 (2005) (*en banc*)), so long as it is "voluntary and uncoerced," Barkley v. Commonwealth, 39 Va. App. 682, 696, 576 S.E.2d 234, 240 (2003). "The question of whether a particular 'consent to search was in fact voluntary or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances,'" and "the burden rests with the Commonwealth to demonstrate the lack of duress." Commonwealth v. Rice, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)). Furthermore, "custody alone is not enough in itself to demonstrate a coerced consent to search." Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977) (citing United States v. Watson, 423 U.S. 411 (1976)).

During the motion to suppress, McAndrew testified that he asked Banks if the detectives could search his mother's residence. Banks responded, "[y]ou can search. I don't have anything there. My mama lives there." Though Banks was in custody at the time he gave consent, the record contains nothing to suggest that his consent was the product of duress or coercion. Thus, Banks's consent was valid, and the search of the residence did not implicate the Fourth Amendment.

## II. Sufficiency of the Evidence

Finally, Banks argues that the evidence presented by the Commonwealth was insufficient to prove he possessed the drugs found in his mother's residence. When considering a challenge

that the evidence presented at trial is insufficient, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002). We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

"To be found guilty under Code § 18.2-248(A), a defendant must possess 'the controlled substance contemporaneously with his intention to distribute that substance.'" Harper v. Commonwealth, 49 Va. App. 517, 521, 642 S.E.2d 779, 782 (2007) (quoting Craddock v. Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003)). Banks argues that he cannot be found guilty of possession with intent to distribute, because the Commonwealth did not prove that he exclusively possessed the drugs in the footlocker. In support of his argument, Banks points to the fact that seven other people had a key to the footlocker and that not all the property found in the footlocker belonged to him. However, as we explained in Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*) (quoting Castaneda v. Commonwealth, 7 Va. App. 574, 583-84, 376 S.E.2d 82, 86-87 (1989)):

> "Possession may be actual or constructive. Constructive possession exists when an accused has dominion or control over the drugs. Such possession may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place they were found."

Furthermore, the possession of narcotics "'need not be exclusive'" and "'may be shared with another.'" Id. Thus, Banks could be convicted of the possession with intent to distribute regardless of whether or not others had access to the footlocker.

The evidence at trial proved that Banks entered his mother's residence for a few minutes just prior to being stopped by the detectives. At the time he was detained, Banks had a digital scale with him. After obtaining consent to search the residence, the detectives found cocaine in a back bedroom stored inside a locked footlocker. Banks had the keys to the footlocker in his pocket. In addition, the footlocker contained various items belonging to Banks including his personal paperwork and mail. Also in the footlocker was the box for the digital scale found with Banks. Moreover, the drugs recovered from Banks's shoe were packaged in a similar manner to the drugs found in the footlocker. Taken as a whole, we hold that the evidence is sufficient for a rational finder of fact to find Banks guilty of possession with intent to distribute beyond a reasonable doubt.

In conclusion, we hold that the trial court did not err in denying Banks's motion to suppress. We further hold that the evidence was sufficient to sustain his conviction for possession of cocaine with intent to distribute. Therefore, we affirm the ruling of the trial court.

Affirmed.