HUMPHREYS, J.
with whom FRANK and ALSTON, JJ., join, dissenting.
I respectfully dissent from the majority’s holding that the police officers involved in this case had probable cause to believe that Byrd was engaged in criminal activity and that contraband would be discovered in his vehicle based on the confidential informant’s tip. In my view, the majority reaches this conclusion in contravention of this Court’s previous and long-standing application and analysis of the law in this area. See Robinson v. Commonwealth, 53 Va.App. 732, 675 S.E.2d 206 (2009); Byrd v. Commonwealth, 50 Va.App. 542, 651 *606 S.E.2d 414 (2007); Askew v. Commonwealth, 38 Va.App. 718, 568 S.E.2d 403 (2002); Russell v. Commonwealth, 33 Va.App. 604, 535 S.E.2d 699 (2000); McGuire v. Commonwealth, 31 Va.App. 584, 525 S.E.2d 43 (2000).
While the majority is certainly correct that most courts, including those of the Commonwealth, no longer apply the two-part Aguilar-Spinelli test in analyzing whether the police have probable cause based on a confidential informant’s tip, the two factors of the reliability or veracity of the informant AND the basis of the informant’s knowledge of impending criminal activity are still relevant factors that must be considered in any constitutional analysis under the totality-of-the-circumstances test of Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). “When a confidential informant provides the basis for probable cause, there are two considerations that are particularly relevant to our analysis: (1) the veracity or reliability of the informant and (2) the informant’s basis of knowledge.” Byrd, 50 Va.App. at 551, 651 S.E.2d at 419 (citing Gates, 462 U.S. at 230,103 S.Ct. at 2328); see also Robinson, 53 Va.App. at 738-40, 675 S.E.2d at 209-11; Askew, 38 Va.App. at 723, 568 S.E.2d at 406; Russell, 33 Va.App. at 610-11, 535 S.E.2d at 702; McGuire, 31 Va.App. at 595-96, 525 S.E.2d at 48.
The reliability and basis of knowledge of an informant are not independent elements that must be proved in order to find probable cause, Polston v. Commonwealth, 24 Va.App. 738, 744, 485 S.E.2d 632, 635 (1997), but instead “ ‘are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.’ ” Byrd, 50 Va.App. at 552, 651 S.E.2d at 419 (quoting Gates, 462 U.S. at 233) [103 S.Ct. at 2329].
Robinson, 53 Va.App. at 738, 675 S.E.2d at 209; see also United States v. Quezadar-Enriquez, 567 F.3d 1228, 1233 (10th Cir.2009); United States v. Artez, 389 F.3d 1106, 1111 (10th Cir.2004); United States v. Pasquarille, 20 F.3d 682, 687 (6th *607 Cir.1994); Carter v. United States, 729 F.2d 935, 939 (8th Cir.1984); Polston, 24 Va.App. at 744-45, 485 S.E.2d at 635.
If, for example, a particular informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip.
Gates, 462 U.S. at 233, 103 S.Ct. at 2329 (emphasis added).
In short, rather than the two-pronged Aguilar-Spinelli test which required that both a minimum level of veracity or reliability of the informant and minimal level of reliability of the information itself based upon the source of the informant’s basis of knowledge be reached before probable cause could be found, Gates adopted a sliding scale based upon the totality of the circumstances which still required a consideration of both factors. The Gates totality-of-the-circumstances approach provides that probable cause could be supplied by an informant with little or no previous track record of reliability provided the basis of the informant’s knowledge was first-hand or otherwise was so detailed as to lead any reasonable person to the conclusion that it was accurate, and conversely that an unusually reliable informant could provide probable cause of criminal activity despite an absence of specific information regarding the source of the informant’s knowledge. While acknowledging this principle, the majority nevertheless holds that as long as an informant meets some minimum level of reliability, any lack of precision in the information provided, such that it may apply to any number of people, is now irrelevant to a constitutional analysis. Thus, any lack of details that would indicate that the informant’s knowledge was acquired first-hand rather than through hearsay or any failure to supply a name or description of a suspect more detailed than the race, gender, and the color of a vehicle in a very public location, as reflected in this record, are now apparently also of no constitutional moment.
*608 “In ‘applying the totality-of-the-circumstances analysis/ the [United States] Supreme Court has ‘consistently recognized the value of corroboration of details of an informant’s tip by independent police work.’ ” McGuire, 31 Va.App. at 594, 525 S.E.2d at 48 (quoting Gates, 462 U.S. at 241, 103 S.Ct. at 2334); see also United States v. Coffee, 434 F.3d 887, 892 (6th Cir.2006) (holding a particularly reliable informant tip with a high degree of reliability and corroboration of information supported probable cause). When police corroboration supplies “the other indicia of reliability,” this Court has held the information provided is such that the informant “ ‘could not have made such accurate and detailed prediction of future events without personal or inside knowledge of the suspect’s activities.’ ” Robinson, 53 Va.App. at 740, 675 S.E.2d at 210; see also Byrd, 50 Va.App. at 553, 651 S.E.2d at 419-20 (“[Although the informant does not explicitly claim personal knowledge, his tip may be ‘so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way.’ ” (quoting McGuire, 31 Va.App. at 595, 525 S.E.2d at 49)). In addition, a constitutionally sufficient “tip” should provide “a range of details relating not just to easily obtained facts and conditions existing at the time of the tip, but to future actions of third parties ordinarily not easily predicted.” Gates, 462 U.S. at 245, 103 S.Ct. at 2335-36; see also United States v. Tuter, 240 F.3d 1292, 1295 (10th Cir. 2001) (finding an anonymous tip was insufficient to provide probable cause because it did not provide details regarding future behavior or actions sufficient to test informant’s knowledge or credibility, there was no evidence of basis of knowledge, and police only corroborated general information); Pasquarille, 20 F.3d at 687 (concluding that the anonymous tip provided probable cause where the informant provided sufficient information to support their basis of knowledge and detailed description of the transaction); United States v. Mendonsa, 989 F.2d 366, 369 (9th Cir.1993) (holding the officer lacked probable cause based on informant’s tip because the officer corroborated only innocent facts without verifying predictions of future activity); Byrd, 50 Va.App. at 553, 651 *609 S.E.2d at 420 (finding the officers did not have probable cause based on informant’s tip which lacked basis of knowledge, details of future events demonstrating personal or inside knowledge, and a great history of reliability). However, where the informant is known for his unusual degree of reliability, confirmation of “illicit or predictive details” has not been required in light of the totality of the circumstances. See United States v. Riley, 351 F.3d 1265, 1268 (D.C.Cir.2003) (“With all factors being relevant to a unitary inquiry under the ‘totality of the circumstances analysis,’ a high degree of reliability makes it unnecessary to demand confirmation of illicit or predictive details.” (emphasis added)).
In light of the fact that the record in this case does not provide a basis of the informant’s knowledge, the question of whether the police officers had probable cause to believe that Byrd was engaged in criminal activity and that contraband would be discovered in his vehicle at the time he was stopped, ought to turn on whether the deficiency of the basis of knowledge is “‘compensated for, in determining the overall reliability of a tip, by a strong showing as to the [unusual reliability of the informant], or by some other indicia of reliability.’ ” Robinson, 53 Va.App. at 738, 675 S.E.2d at 209 (quoting Byrd, 50 Va.App. at 552, 651 S.E.2d at 419). The majority asserts that the confidential informant in this case was “very rehable” and that there was a “strong showing” as to his reliability such that any further assessment of the informant’s reliability in light of past performance is unnecessary. The majority also holds that the minimal corroboration by the police officers of what it contends are “significant details” of what is clearly innocent activity coupled with the fact that it was a high crime area were “other indicia of reliability” sufficient to overcome the deficiency in the totality of the circumstances of the confidential informant’s basis of knowledge. In my view, under a totality-of-the-circumstances analysis, the facts in this case regarding the informant’s reliability do not constitute a strong showing of unusual reliability nor was the information provided to the officers and that was subsequently corroborated by them significantly detailed predictions of future events such that it was “ ‘addi *610 tional indicia of reliability.’”[3] Robinson, 53 Va.App. at 738, 675 S.E.2d at 209 (quoting Byrd, 50 Va.App. at 552, 651 S.E.2d at 419).
I. “Other Indicia of Reliability”
I turn first to the majority’s contention that the informant provided significant detail regarding Byrd’s predicted conduct. In this case, the informant did not state that he was personally observing the activity nor did he provide such detailed information sufficient “ ‘to raise an inference ... of acquisition of the information in a reliable way.’ ” Id. at 739, 675 S.E.2d at 210 (quoting Byrd, 50 Va.App. at 553, 651 S.E.2d at 420). The record here is simply silent as to how the informant acquired the information he conveyed to the police. In addition, unlike the informant in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), the information that the informant provided in this case was not “ ‘accurate and detailed predictions of future events’ ” demonstrating “ ‘personal or “inside” knowledge of the suspect’s activities.’ ” Robinson, *611 53 Va.App. at 740, 675 S.E.2d at 210 (quoting Byrd, 50 Va.App. at 554, 651 S.E.2d at 420). My departure from the majority is not on the basis that the evidence corroborated was “innocent activity.” Rather, it is on the basis that the informant did not provide significant detail, as the majority alleges, from which it could be determined he had inside information of criminal activity. See United States v. Bynum, 293 F.3d 192, 206 (4th Cir.2002) (“[T]he Supreme Court’s cases on corroboration suggest that partial corroboration of an informant’s tip supports the reliability of the tip’s unverified allegations of criminal activity to the extent that the corroboration shows that the informant has inside information about the subject of the tip.”).[4]
In Draper, the informant provided significant details of future events. The informant predicted the location where *612 Draper would be on one of two specific dates, the location he was coming from, the mode of transportation, a detailed physical description of Draper, the specific clothing he would be wearing, the exact description of the bag he would be carrying, the manner in which he would be walking, and the fact that he would be carrying heroin. 358 U.S. at 309-10, 312-13, 79 S.Ct. at 331, 332-33. The police then corroborated all of the facts on the second date provided by the informant except for whether Draper had the heroin on him. Id. at 310, 313, 79 S.Ct. at 331, 333. On the basis that every other bit of information provided by the informant had been personally verified, the Supreme Court held that the officers had probable cause to believe that an offense had been or was being committed. Id. at 313, 79 S.Ct. at 333.
Unlike the significant amount of detailed information provided in Draper, the information that the informant provided in this case was merely general information such as the appellant’s gender and race, his location as the passenger in a vehicle, the color of the four-door vehicle, the gender and race of the driver, the location, and the fact that a drug transaction would take place in the parking lot in thirty minutes. The informant also predicted that the appellant would be armed. However, the informant did not provide specific physical or clothing descriptions of either individual, nor did he provide their names or any other means of singling them out from other African-American grocery shoppers. The informant also did not provide any detailed description of the car other than that it was a “green four-door vehicle.” In short, the descriptive information provided was hardly “ ‘so detailed as to raise an inference either of personal observation or of acquisition of the information in a reliable way.’ ” Byrd, 50 Va.App. at 553, 651 S.E.2d at 419-20 (quoting McGuire, 31 Va.App. at 595, 525 S.E.2d at 49).
The officers in this case corroborated the generic description of the vehicle, individuals, and location prior to arresting appellant — a task easily accomplished since any large grocery store such as a Harris Teeter in a large city such as Virginia Beach is likely patronized by any number of African-American *613 couples, at least some of whom likely drive green four-door automobiles. Yet, and significantly for me, the officers did not corroborate the information regarding an actual drug transaction, including the time frame and location in which it was supposed to have taken place, nor did they observe any meeting with a third party in the parking lot or observe anything that actually took place inside the grocery store that might have been consistent with a drug transaction.
In short, the only information provided by the informant that was in any way corroborated by the police officers before seizing the appellant was that he was part of an African-American couple who drove a green four-door vehicle into a grocery store parking lot. I would hold that this information was lacking in sufficient detail as to demonstrate inside knowledge of criminal activity on the part of the informant. Thus, I find the facts in this case considerably less compelling than those in Draper, United States v. Diallo, 29 F.3d 23 (1st Cir.1994), or United States v. Morales, 923 F.2d 621 (8th Cir.1991), that were so detailed and specific as to enable police officers to verify the exact individual they were looking for in the midst of a public place. Draper, 358 U.S. at 312-13, 79 S.Ct. at 332-33; see also Tuter, 240 F.3d at 1295 (finding police lacked probable cause based on an anonymous tip where the information police corroborated was innocent, innocuous information about the defendant’s appearance, residence, car, and child); State v. Raheem, 464 So.2d 293, 296-97 (La.1985) (holding the officer lacked probable cause based on a known informant’s tip where the officer corroborated the defendants were at the location in the specific vehicle with Michigan plates, but did not observe anything suspicious or criminal in nature); State v. Sweedland, 721 N.W.2d 409 (S.D.2006) (finding the informant’s tip lacked probable cause where the informant did not give an explicit and detailed account of the event and the officer corroborated only innocuous facts such as a license plate number, the direction of travel, and the gender of the four occupants); Byrd, 50 Va.App. at 555-56, 651 S.E.2d at 421 (holding the officers did not have probable cause based on informant’s tip which did not provide verifiable details that *614 were not known to the public, and assertions that defendant was engaged in criminal activity along with a physical description and geographic location).
Further, the majority’s contention that the police could have reasonably surmised that Byrd changed the location of the drug transaction from the parking lot to inside the grocery store does not comport with either the informant’s tip or with what the police officers actually observed prior to stopping Byrd. The officers observed two individuals arrive at the Harris Teeter, park in the parking lot, Byrd get out of the vehicle after a few minutes, go into the store, and come out less than two minutes later without anything in his hands. None of the officers observed what took place in the store, nor is there anything in the record establishing that Byrd had in fact not made a purchase or otherwise conducted legitimate business in the store. Thus, the time spent in the store outside of the officers’ observation further diminishes the “degree of suspicion that attaches to particular type of noncriminal acts.” Gates, 462 U.S. at 245 n. 13, 103 S.Ct. at 2335 n. 13.
Because the tip provided no basis of knowledge through the provision of such an accurate and detailed prediction of future events that the inference can be reached that the informant acquired the information in a reliable way, “the question of probable cause turns on whether, under the totality of the circumstances, the evidence showing the informant’s reliability is strong enough to overcome the lack of evidence regarding the informant’s basis of knowledge.” Byrd, 50 Va.App. at 554, 651 S.E.2d at 420.
II. Unusual Reliability
With regard to the reliability of the informant, the majority asserts that there was a “strong showing” that he was “very reliable.” However, the facts in the record do not support the conclusion that he was so unusually reliable as to conclude that every tip he might make constitutes probable cause to effect an arrest. In this case, the informant worked with one of the officers as an assigned confidential informant for six months prior to the incident, and as a source of information *615 for a period of time prior to becoming an assigned confidential informant. Officer Canada testified that the informant had provided very reliable information typically concerning narcotics that resulted in “over twelve search warrants, seizures of large quantities of money, drugs, firearms, people with arrest warrants.” The officer further testified that the information provided during that period of time proved to be true.
However, the record does not reflect that the informant’s reliability in this case is so unusual that it compensates for the informant’s failure to set forth the basis of his knowledge and provides the requisite probable cause. In this case, nothing in the record shows the overall quantity or quality of the information provided by the informant on those previous occasions.[5] Nor is there anything in the record before us relating to the degree to which any information previously provided was important in uncovering criminal activity. In addition, the record does not demonstrate how many of the twelve search warrants led to actual seizure of evidence and arrests effected, or whether the information led to actual convictions. While this showing is not required, as noted by Professor LaFave in his discussion regarding whether an informant’s prior tips have resulted in convictions, “ ‘the fact that the information previously supplied has resulted in convictions would strengthen the reliability factor of the informant.’ ” 2 Wayne R. LaFave, Search and Seizure § 3.3(b), at 116 (4th ed.2004) (quoting People v. Arnold, 186 Colo. 372, 527 P.2d 806, 809 (1974)).
Based on the dearth of information in the record concerning the details of this informant’s previous record of providing information, I cannot conclude that this informant was “known *616 for the unusual reliability of his predictions of certain types of criminal activities in a locality, [such that] his failure ... to thoroughly set forth the basis of his knowledge ... should not serve as an absolute bar to a finding of probable cause based on his tip.” Askew, 38 Va.App. at 723, 568 S.E.2d at 406.
III. High Crime Area
It is reasonable to infer that African-American couples who drive green four-door vehicles may go to a grocery store for the innocent purpose of actually buying groceries. Thus, while the fact that the location of the predicted drug transaction is asserted to be a “high crime area,” in light of the general nature of the information provided and that the informant is not so unusually reliable that the basis of his knowledge is irrelevant, this factor in the totality-of-the-circumstances standard does little to provide the police officers in this case with probable cause to support the subsequent stop and search of Byrd’s vehicle. See Raheem, 464 So.2d at 297 (“Consequently, except for their presence in a known drug dealing area and the informant’s wholly conclusionary statement that the defendants were selling drugs, no articulated facts connected defendants with unlawful activity.”). To hold otherwise, as the majority does, leads to the inevitable conclusion that the information provided by the informant necessarily provided sufficient probable cause to arrest any and every African-American couple occupying a green four-door car who happened to choose the early morning hours of March 27, 2007, to do their grocery shopping at this particular Virginia Beach Harris Teeter store.
IV. Conclusion
Under the totality of the circumstances reflected in this record, I would hold that the informant’s information did not provide officers with probable cause to stop and search Byrd’s vehicle. All we have in this case is an informant who failed to provide the basis of his knowledge that Byrd would be involved in a drug transaction, lack of such detailed information to raise the inference that the informant obtained the informa *617 tion in a reliable way, and an informant who is not so unusually reliable that we should overlook the lack of any basis of knowledge for his tip. Accordingly, I would reverse the decision of the trial court and remand for a new trial.

. The thrust of my disagreement with the majority on this point is that the majority would apparently end its analysis with the trial court’s factual finding that the informant had been reliable in the past along with police corroboration of a few innocent facts occurring in a "high crime area.” This holding sets the bar very low and ignores the remaining constitutional requirement that the totality of the circumstances establishing probable cause must also consider the basis of the informant's knowledge in conjunction with his level of reliability. Since any competent police officer, before applying for a search or arrest warrant, would likely ask an informant for details such officer would be expected to supply to a magistrate or testify to in a suppression hearing, including how the informant knows the incriminating information he is passing along, presumably the basis of this informant's knowledge could have been easily established by the prosecution in this case — it simply was not. I believe we do no service to the public or the law by abandoning the approach used by this Court in a long line of prior cases in examining both the informant’s reliability and his basis of knowledge in light of the totality of the circumstances when determining whether a confidential informant’s tip provides a sufficient basis for probable cause. See Robinson, 53 Va.App. at 738-40, 675 S.E.2d at 209-11; Byrd, 50 Va.App. at 552-55, 651 S.E.2d at 419-21; Askew, 38 Va.App. at 723-24, 568 S.E.2d at 406; Russell, 33 Va.App. at 613-15, 535 S.E.2d at 703-04; McGuire, 31 Va.App. at 595-96, 525 S.E.2d at 49.

. The majority cites to United States v. Diallo, 29 F.3d 23 (1st Cir.1994), and United States v. Morales, 923 F.2d 621 (8th Cir.1991), in support of its contention that every piece of predictive information provided does not need to be corroborated by the police in order for them to conclude that the tip was reliable. While every piece of information provided does not need to be corroborated, the information that is corroborated still needs to support the conclusion that the informant has inside information. Unlike in this case, the informant in both cases cited provided significant detailed information to which the police could turn to in corroborating the informant’s tip to support the conclusion that they had inside information, and had probable cause based on the totality of the circumstances.
In Diallo, although the police did not corroborate every piece of information, the court noted that the informant had been correct about the identity of three of the four individuals, the location, the fact that they would be traveling together, and one of the vehicles used. In Morales, the informant had provided the officer with a detailed description of the defendant such as his height, weight, race, and age, and further provided what he would wear, where he would arrive, when he would arrive, what vehicle he would arrive in, what color of bag he would be carrying, and that a lady would accompany him. The police corroborated all of the facts except for the fact that defendant would be wearing a black t-shirt and that he had cocaine on him. The discrepancies in both the cited cases were minor compared to the amount of information the informant provided and the totality of the circumstances.
Unlike Diallo and Morales, in this case, the informant supplied no information regarding identity or a description detailed enough to focus probable cause on a specific individual.

. For example, the record is silent as to whether the twelve search warrants resulted from twelve tips or 100 tips. The former number might support a conclusion that the informant is 100% reliable while the latter number might suggest that he is only 12% reliable. As I previously noted in connection with the basis of this informant’s knowledge, it may well be that the prosecution could have presented evidence that this informant was so unusually reliable that any tip from him equates to probable cause, but it simply did not do so.